TAYLOR, J.
The case below began as a credit card debt collection action filed by Citibank *402 (South Dakota), N.A., against Leo Desmond. Desmond filed a counterclaim alleging that Citibank violated the Florida Security in Communications Act, Chapter 934, Florida Statutes, by electronically recording conversations with its customers. Citibank moved to compel arbitration pursuant to the credit card agreement, which contained an arbitration clause with a class-action waiver. Relying upon our decision in McKenzie v. Betts, 55 So.3d 615 (Fla. 4th DCA 2011), the trial court denied the motion after determining that the class-action waiver violated Florida public policy. Subsequently, the Florida Supreme Court quashed our decision based on the United States Supreme Court’s decision in AT&T Mobility, LLC v. Concepcion, - U.S. -, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011).[1] See McKenzie v. Betts, 112 So.3d 1176, 2013 WL 1457843 (Fla. April 11, 2013). Accordingly, we reverse the trial court’s order denying Citibank’s motion to compel arbitration.
At the hearing on Citibank’s motion to compel arbitration, Desmond contended that the arbitration agreements should be invalidated as against public policy because the class action prohibition prevented him and others from vindicating their statutory rights under Chapter 934, Florida Statutes. To support his claim, Desmond, a licensed lawyer, submitted his own affidavit averring that he cannot afford to hire counsel and experts to prove his claim because their costs would exceed his potential recovery of $1000. He also submitted the affidavits of several attorneys who attested that Desmond would not be able to obtain effective representation if he could not proceed as part of a class. The trial court found the affidavits persuasive and determined that Desmond had provided competent, substantial evidence that his statutory rights would not be vindicated through individual arbitration. Citing our reasoning in McKenzie regarding the preeminence of Florida public policy over the general policy favoring arbitration, the trial court agreed with Desmond that the inability to bring a class action against Citibank would frustrate the Florida public policy that prompted the Legislature to enact the Florida Security in Communications Act.
In McKenzie, we affirmed a trial court’s denial of a motion to compel arbitration in a case wherein a borrower brought a putative class action against a payday lender under the state usury and interest statutes and various other consumer protection laws. 55 So.3d at 617. We concluded that “[b]ecause payday loan cases are complex, time-consuming, involve small amounts, and do not guarantee adequate awards of attorney’s fees, individual plaintiffs cannot obtain competent counsel without the procedural vehicle of a class action. The class action waiver prevents consumers from vindicating their statutory rights, and thus violates public policy.” Id. at 629. Due to the increasing use of such class-action waivers in consumer contracts, we certified to the Florida Supreme Court the issue of whether an arbitration agreement’s class-action waiver violates public policy when a claim is asserted under a remedial statute and the trial court is persuaded by evidence that such waiver prevents consumers from obtaining competent counsel. Id.
In denying Citibank’s arbitration motion, the trial court relied on McKenzie and attempted to distinguish the United States Supreme Court’s recent decision in Concepcion. In Concepcion, the Court *403 held that the Federal Arbitration Act (“FAA”) preempted state public policy concerns that invalidated class-action waivers in arbitration agreements. 131 S.Ct. at 1747-49. The trial court found, however, that Concepcion did not extend the preemptive effect of the FAA to “the generally applicable contract defenses” and that Concepcion did not expressly overrule precedent with respect to invalidating an arbitration agreement on public policy grounds where the arbitration agreement prevents a claimant from vindicating his statutory cause of action. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).
On appeal, Desmond urges us to affirm the trial court’s denial of Citibank’s motion to arbitrate, arguing that Concepcion does not apply where an arbitration agreement containing a class action prohibition violates public policy by preventing a claimant from vindicating his or her statutory rights. In quashing our McKenzie decision, however, the Florida Supreme Court rejected this very argument. The court stated:
Kelly’s primary argument for why Concepcion does not apply in this case is based on her assertion that Concepcion does not disturb long-standing Supreme Court precedent dating back to Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), that statutory claims are arbitrable only if the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum. See Mitsubishi Motors, 473 U.S. at 637, 105 S.Ct. 3346 (stating that “so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function”); Green Tree Fin. Corp.-Ala v. Randolph, 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (stating that “even claims arising under a statute designed to further important social policies may be arbitrated because ‘so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum,’ the statute serves its functions” (quoting Mitsubishi Motors, 473 U.S. at 637, 105 S.Ct. 3346)); see also Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995); EEOC v. Waffle House, Inc., 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). Kelly asserts that because Concepcion did not overrule this line of precedent, the only way to harmonize Concepcion with these cases is to hold that a' class action waiver cannot be enforced if it would prevent parties from vindicating statutory rights.
The case law, however, does not support Kelly’s argument. The Supreme Court cases cited by Kelly involved the FAA and claims brought under federal statutes, whereas Concepcion involved the issue of whether state law was preempted by the FAA. Compare Mitsubishi Motors, 473 U.S. at 627-28, 105 S.Ct. 3346 (“Just as it is the congressional policy manifested in the Federal Arbitration Act that requires courts liberally to construe the scope of arbitration agreements covered by that Act, it is the congressional intention expressed in some other statute on which the courts must rely to identify any category of claims as to which agreements to arbitrate will be held unenforceable .... We must assume that if Congress intended the substantive protection afforded by a given statute to include protection against waiver of the right to a judicial forum, that intention will be deducible from text or legislative history. *404 Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.” (citation omitted)): Green Tree Fin. Corp.-Ala., 531 U.S. at 90, 121 S.Ct. 513 (“[W]e first ask whether the parties agreed to submit their claims to arbitration, and then ask whether Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.”); with Concepcion, 131 S.Ct. at 1744 (“We conclude whether the FAA prohibits States from conditioning the enforceability of certain arbitration agreements on the availability of class-wide arbitration procedures.”); id. at 1753 (“States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons.”).
[[Image here]]
Because Mitsubishi Motors and its progeny addressed federal statutory claims and the effectuation of Congress’s intent in those federal statutes, there was no need for the Supreme Court in Concepcion to overrule the Mitsubishi Motors line of cases. We reject the suggestion that the fact that the Supreme Court did not recede from those cases in Concepcion is indicative of an unstated intent to create an exception to Concepcion when the parties are unable to vindicate rights under a state statute.
McKenzie, 112 So.3d 1176, 2013 WL 1457843 at *7-*8 (alterations in original) (bold emphasis added).
Accordingly, we reverse the trial court’s denial of Citibank’s motion to compel arbitration. We conclude that the other grounds raised by Desmond for opposing arbitration lack merit and remand with instructions to grant the motion and stay the matter pending arbitration pursuant to the parties’ arbitration agreement.

Reversed and Remanded.

MAY, C.J., and GERBER, J., concur.

. The United States Supreme Court issued its decision in Concepcion after our court decided McKenzie.